734 So.2d 359 (1999)
Thomas E. STANFORD, Jr., Appellant,
v.
Dale S. STANFORD, Appellee.
No. 97-CA-00988 COA.
Court of Appeals of Mississippi.
February 23, 1999.
*360 Michael Malski, Amory, Attorney for Appellant.
William M. Beasley, Tupelo, Attorney for Appellee.
BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.
DIAZ, J., for the Court:
¶ 1. Thomas Stanford appeals the chancellor's order awarding separate maintenance to Dale Stanford and child support to their two minor children. He argues (1) that the lower court abused its discretion by awarding an excessive amount of separate maintenance, (2) that the court erred in awarding an unreasonable amount of child support, and (3) that the lower court erroneously ordered him to pay the mortgage indebtedness on the marital home in addition to his obligation to pay child support. Finding his arguments without merit, we affirm.

FACTS
¶ 2. On November 29, 1995, Thomas Stanford ("Thomas") filed a complaint for divorce from his wife, Dale Stanford ("Dale"). On October 30, 1996, Dale counterclaimed for divorce on the grounds of desertion and/or adultery, or in the event the parties reached a settlement agreement, on the grounds of irreconcilable differences. Dale also counterclaimed in the alternative for separate maintenance. Prior to trial, both parties withdrew their complaints for divorce, and the matter proceeded solely on Dale's counterclaim for *361 separate maintenance and child support. The chancellor issued his order on July 9, 1997, wherein he awarded separate maintenance to Dale in the amount of $860 per month and child support to the Stanford's two minor children in the amount of $1,776 per month. The court also ordered Thomas to pay all of the children's medical, dental, and drug expenses not covered by insurance. In addition, the chancellor awarded exclusive use and occupancy of the marital home to Dale and required Thomas to pay the monthly indebtedness due on the marital home in the amounts of $1,575.72 to Norwest Mortgage and $965 to Peoples Bank and Trust Company. It is from this order that Thomas brings forth his appeal to this Court.

DISCUSSION

I. DID THE LOWER COURT ABUSE ITS DISCRETION BY AWARDING AN EXCESSIVE AMOUNT OF SEPARATE MAINTENANCE TO DALE STANFORD?
¶ 3. "[A] decree for separate maintenance is a judicial command to the husband to resume cohabitation with his wife, or in default thereof, to provide suitable maintenance of her until such time as they may be reconciled to each other." Kennedy v. Kennedy, 650 So.2d 1362, 1367 (Miss. 1995) (quoting BUNKLEY & MORSE, AMIS ON DIVORCE AND SEPARATION IN MISSISSIPPI, § 7.00 (2d ed.1957)). During this time, the wife is entitled to be maintained in the same standard of living as if the parties were still cohabiting. Robinson v. Robinson, 554 So.2d 300, 305 (Miss. 1989). Furthermore, the amount of separate maintenance to be awarded is within the discretion of the chancellor and is not subject to reversal absent a clear abuse of that discretion. Honts v. Honts, 690 So.2d 1151, 1153 (Miss. 1997); Thompson v. Thompson, 527 So.2d 617, 622 (Miss. 1988).
¶ 4. Both parties in the present case submitted financial statements to the court. From these statements, the chancellor concluded that Thomas's gross monthly income was $12,758 and that his adjusted gross monthly income was $8,881.08. He also determined Dale's net monthly income to equal $1,283.13. The chancellor then considered Dale's total monthly expenses of $6,764.01 and subtracted the $2,544.97 house payment, the $300 dental expense which Dale admitted she was not then paying, the child support payment of $1,776, and her $1,283.13 monthly income, leaving a balance of $859.91. The chancellor then ordered Thomas to pay $860 per month to Dale for separate maintenance. Thomas argues that since Dale receives a quarterly dividend check of $1,200 and since her parents give her approximately $20,000 per year in stock, that his obligation to pay $860 in separate maintenance is excessive. He also claims that the court erred in failing to deduct the $463 in church donations that Dale is no longer making.
¶ 5. As for Thomas's claim that the court failed to consider Dale's quarterly dividend payment, Dale testified that she did not begin receiving the dividends until April of 1997. Prior to that time, the dividends were reinvested since they were unnecessary to support the family. If the chancellor had taken into consideration the dividend payment and had reduced Thomas's payment obligation accordingly, he would have essentially been divesting the parties of their property. The Mississippi Supreme Court forbids such a property division in a separate maintenance action. Bowen v. Bowen, 688 So.2d 1374, 1384 (Miss. 1997). As for Thomas's claim that the gift that Dale receives from her parents should be deducted from his separate maintenance obligation, the supreme court has held that the husband is responsible for supporting his wife, and he cannot avoid this responsibility by showing that the wife's parents will provide for her. Robinson, 554 So.2d at 305.
¶ 6. "On appeal, this Court will not overturn the chancery court unless its findings were manifestly wrong." Daigle v. Daigle, *362 626 So.2d 140, 144 (Miss. 1993). We find no such error in the chancellor's award of separate maintenance; therefore, this assignment of error is dismissed.

II. DID THE COURT ERR IN AWARDING AN UNREASONABLE AMOUNT OF CHILD SUPPORT?
¶ 7. Awards of child support in Mississippi are subject to the child support guidelines set forth in Miss.Code Ann. § 43-19-101 (Rev.1993). According to the statute, a parent who is ordered to pay child support is required to surrender 20% of his or her adjusted gross income when there are two children to be supported. Miss.Code Ann. § 43-19-101(1) (Rev.1993). These guidelines apply unless the court "makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate...." Miss.Code Ann. § 43-19-101(2) (Rev.1993). "In cases in which the adjusted gross income as defined in this section is more than Fifty Thousand Dollars ($50,000.00)... the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable." Miss. Code Ann. § 43-19-101(4) (Rev.1993).
¶ 8. In his order awarding child support to the minor children of the Stanford marriage, the chancellor wrote: "Based upon the statutory guidelines Thomas E. Stanford, Jr. is required to pay to Dale S. Stanford as child support twenty percent (20%) of his adjusted gross income for two children, or $1,776.00." In his brief to this Court, Thomas argued that since his adjusted gross income exceeds $50,000, the chancellor was obligated under the statute to make a written finding in the record that the child support guidelines were reasonable as applied to him. We agreed with Thomas's argument and on November 17, 1998, we ordered the chancellor to make an on-the-record finding as to the applicability of the child support guidelines. On December 2, 1998, the chancellor responded as follows:
Considering all of the evidence regarding the reasonable needs of the children, and the great disparity in the adjusted gross income of the parties (Husband's income of $8,882.08 and Wife's income of $1,283.13), although the Husband's adjusted gross income exceeds $50,000.00, the Court finds it has properly considered the child support guidelines as provided in Mississippi Code Annotated Section 43-19-101 and the child support awarded is reasonable and proper under the circumstances of this case.
We are satisfied that the chancellor has now complied with § 43-19-101(4) and has not abused his discretion in so doing; therefore, we affirm the award of child support in the amount of 20% of Thomas's adjusted gross income.

III. DID THE LOWER COURT ERR IN ORDERING THOMAS TO PAY THE MORTGAGE INDEBTEDNESS ON THE MARITAL HOME IN ADDITION TO HIS OBLIGATION TO PAY CHILD SUPPORT?
¶ 9. Finally, Thomas argues that the chancellor's order requiring him to pay both the mortgage on the house and child support constituted a "double award" and was thus unreasonable. However, in cases such as this, the family is entitled to be maintained in the same manner as if the husband and wife were still cohabiting. Robinson, 554 So.2d at 305. In Robinson, the chancellor awarded approximately 41% of the husband's salary to his wife and children, and the supreme court found the amount to be reasonable. In the present case, Thomas's monthly salary was $12,758, and the court ordered Thomas to surrender approximately $5,176.72 per month in child support, separate maintenance, and mortgage payments. Just as in Robinson, this figure represents 41% of Thomas's salary. We, too, find this amount to be reasonable in light of the standard of living to which Dale and the children have become accustomed. It is this Court's *363 opinion that the amounts awarded to Dale and the children were just and equitable, and we therefore decline to distrub the chancellor's order on appeal.
¶ 10. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.